*216
Curia, per

O’Neall, J.
In this case, it is only necessary to consider the prisoner’s third ground, in arrest of judgment. For that will avail him. In 2d Hale’s Pleas of the Crown, 260, it is said, “the venire facias, as all other process of that court, (the King’s Bench,) issues in the. King’s name, under the seal of the court, and that of the Chief Justice, and always ought to bear test after the issue joined between the King and the prisoner.” The description of process to compel the attendance of jurors, in 2d Hawk. P. C. book 2, chap. 41, sec. 1, is very much like the course of our own practice in relation to the venire. He says, “it is agreed that justices of jail delivery may have a pannel so returned by the sheriff, without any precept or writ; and the reason given for it is, that before their coming, they always make a general precept to the sheriff, on parchment, under their seals, to bring before them, at the day of their sessions, twenty-four out of every hundred, &c. “to do those things which shall be enjoined them on the part of the King,” <fec. This is a general venire for the term, and is so far like our’s, and is only different, that it has no pannel annexed; and our’s, according to our jury law, has. It is to be observed, that this general precept is under the seals of the justices, and without that, would be bad. The argument is, therefore, irresistible, even from this authority, which is more favorable to the State than any other, that a .summons of the jury by virtue of a pretended writ of venire, not under seal, cannot be good.
The jury law of 1731, sec. 4, directs the manner of drawing a jury, and “that a pannel containing the names of the jurors, shall be annexed to the writ of venire facias, to be is- , sued for summoning the said jurors.” To be a writ, it must be under the seal of the court, (Jac. Law Die. title Writ,) and hence, therefore, a venire not under seal, is no writ, and is not authority to the sheriff to summon the jury. What effect the want of a venire not under seal, for both the grand I and petit jury, upon the trial of a prisoner convicted of a I capital felony would have, the case of the People vs. McKay, 18 J. R. 212, is full to the point, that it is a good ground I to arrest the judgment. Independent of it, I do not perceive I that there is room to doubt the writs of venire for both juries I are parts of the record of conviction. If they be nullities,! *217 it follows that the prisoner has not been charged, or convicted by the finding of the good and lawful men of the vicinage.
The prisoner’s motion is granted, to arrest the judgment, and he is remanded to the jail of Kershaw district, to answer to a new bill of indictment to be preferred against him at the next term.
Richardson, Evans, Butler and Wardlaw, JJ. concurred.